sum on deposit with the defendant bank unanimously affirmed, with costs. An irrevocable trust was created by delivery of the bank pass book to Mary Leonard and her possession of it until her death and possession thereafter by her attorney. Present — Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ.

JOSEPH MANGONE, an Infant, by ANTONIO MANGONE, His Guardian ad Litem, Respondent, v. REED'S MOVING VAN & FURNITURE DEALERS, INC., Appellant.— Judgment in favor of infant plaintiff in an action to recover damages for personal injuries sustained as the result of an automobile accident on the theory of negligence on the part of the driver unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTONIO BUTRA, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of having in his possession stink bombs, in violation of section 726 of the Penal Law, and sentencing him to the New York City Penitentiary, unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARMALO COSANZZA, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of having in his possession stink bombs, in violation of section 726 of the Penal Law, and sentencing him to the New York City Penitentiary, unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OTTAVIO COSTELLO, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of having in his possession stink bombs, in violation of section 726 of the Penal Law, and sentencing him to the New York City Penitentiary, unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH FIORE, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of having in his possession stink bombs, in violation of section 726 of the Penal Law, and sentencing him to the New York City Penitentiary, unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

GEORGE A. TITTERINGTON, as Executor, etc., of MORRIS M. TITTERINGTON, Deceased, Respondent, v. CHARLES H. COLVIN and Another, Appellants.— In an action for damages for fraud and deceit, judgment in favor of the plaintiff reversed on the law and a new trial granted, costs to abide the event. While we are of the opinion that the contract dated June 30, 1928, is invalid, and that defendant Colvin owed to plaintiff the duty of acquainting him with the facts relating to the pending sale to the Bendix Aviation Corporation, we think the trial justice erred in holding that Colvin was guilty of fraud and deceit as a matter of law. While it was conceded by Colvin that he made no disclosure to plaintiff of the proposed sale to the Bendix Company, he insisted that he was under no obligation to do so as plaintiff was obliged to sell his stock under the contract of June 30, 1928, and that he acted in perfect good faith, believing said contract to be valid. Whether he did so act or not was a question of fact for the jury to decide. In this action, of course, no recovery may be had unless there was an intent to deceive and defraud